IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:00-CR-354-D |
| VS. | § | |
| | § | |
| RONNIE WALKER (02), | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM

Defendant Ronnie Walker ("Walker") moves for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on an amendment to U.S.S.G. § 1B1.10(c), which made Amendment 706 to the United States Sentencing Guidelines, as amended by Amendment 711, retroactive. The government opposes the motion. The court has appointed counsel for Walker, and his counsel filed a reply brief (denominated a "supplemental motion") on July 9, 2008.[*] By order filed today, the court has reduced Walker's sentence. The court explains its reasoning in this memorandum.

I

Under 18 U.S.C. § 3582(c)(2), "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under U.S.S.G. § 1B1.10(a)(1), "[a]s required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement."

---

[*]The court appointed counsel for Walker on April 2, 2008. Walker filed a *pro se* response on April 7, 2008 and submitted a *pro se* letter dated April 7, 2008. In deciding Walker's motion, the court has considered Walker's February 29, 2008 motion (which he filed *pro se* before counsel was appointed), the government's March 31, 2008 response, and Walker's July 9, 2008 reply brief, filed by appointed counsel.

U.S.S.G. § 1B1.10(b)(1) provides:

> *In General.*—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (Supp. 2008).

Application note 1(b) to U.S.S.G. § 1B1.10 specifies various factors for the court to consider:

> (i) *In General.*—Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).
>
> (ii) *Public Safety Consideration.*—The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).
>
> (iii) *Post-Sentencing Conduct.*—The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(B) (Supp. 2008) (italics omitted).

Additionally, U.S.S.G. § 1B1.10(b)(2) imposes limitations and a prohibition on the extent of a sentence reduction:

> (A) *In General*.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) *Exception*.—If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.
>
> (C) *Prohibition*.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S. Sentencing Guidelines Manual § 1B1.10(b)(2) (Supp. 2008).

II

When Walker was sentenced, his total offense level was 31. Based on a criminal history category of IV, this resulted in a guideline range of 151 to 188 months. The court sentenced him to 166 months' imprisonment, slightly below the midpoint in the range. As a result of Amendment 706, Walker's total offense level is now 29, resulting in a guideline range of 121 to 151 months. Having considered the factors specified in 18 U.S.C. § 3553(a), the provisions of U.S.S.G. § 1B1.10(b)(1) and (2), and the factors for consideration contained in Application Note 1(B)(i)-(iii), the government's arguments in opposition to Walker's motion, and Walker's reply, the court concludes that Walker's sentence should be reduced to 133 months' imprisonment, which is slightly

below the midpoint of the new range.

July 15, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE